IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CAROLYN M. SILVA,<br>　　　　Plaintiff<br><br>v.<br><br>CAROLYN COLVIN, Acting<br>Commissioner of Social Security,<br>　　　　Defendant. | §<br>§<br>§<br>§　Civil Action No. 3:12-CV-4697-N-BK<br>§<br>§<br>§<br>§ |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

This case has been referred to the undersigned for Findings, Conclusions, and Recommendation. The cause is now before the Court on Plaintiff's *Motion for Attorney Fees Under the Equal Access to Justice Act*. (Doc. 23). Defendant does not oppose the motion. (Doc. 24). Defendant requests that, in accordance with the Supreme Court's ruling in *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010), however, the Court direct the Commissioner to pay any fees awarded directly to Plaintiff. *Id.*

Under the Equal Access to Justice Act ("EAJA"), a court must award attorney's fees and expenses if: (1) the claimant is a "prevailing party," (2) the position of the United States was not "substantially justified," and (3) there are no special circumstances that make an award unjust. 28 U.S.C. § 2412(d)(1)(A); *Sims v. Apfel*, 238 F.3d 597, 599-600 (5th Cir. 2001). The award of attorney's fees must be reasonable. *See* 28 U.S.C. § 2412(b). Having considered Plaintiff's motion and the applicable law, the undersigned finds Plaintiff's request reasonable and recommends that the Court **GRANT** her application for attorneys' fees under the EAJA in the amount of $3,975.01.

The Supreme Court has held that EAJA awards are payable directly to the prevailing

party, not her attorney. *Ratliff*, 130 S.Ct. at 2526. The Court of Appeals for the Fifth Circuit recently reiterated this point. *Jackson v. Astrue*, 705 F.3d 527, 531 n.11 (5th Cir. 2013); *see also Yearout v. Astrue*, 2011 WL 2988421, *3 n.2 (N.D. Tex.) (Ramirez, M.J.) (interpreting *Ratliff* to require that an EAJA award be paid directly to the prevailing claimant), *adopted by* 2011 WL 2990368 (N.D. Tex. 2011) (Lindsay, J.); *Hayes v. Astrue*, 2011 WL 9049, *1 (N.D. Tex. 2011) (Fish, J.) (same). Accordingly, the award of attorney's fees should be made payable directly to Plaintiff, but sent in care of her attorney. *Id.*

**SO RECOMMENDED** on October 11, 2013.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE